# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT MICHAEL HURD,<br>    Plaintiff, | : <br> : <br> : |
| v. | :    CIVL ACTION NO. 21-CV-1729 <br> : |
| PENNSYLVANIA DEPT. OF<br>CORRECTIONS, *et al.*,<br>    Defendants. | : <br> : <br> : |

## ORDER

AND NOW, this 27th day of April, 2021, upon consideration of Plaintiff Scott Michael Hurd's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), and *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

    1.     Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

    2.     Scott Michael Hurd, #QF-9299, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case.  The Court directs the Superintendent of SCI-Phoenix or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Hurd's inmate account; or (b) the average monthly balance in Hurd's inmate account for the six-month period immediately preceding the filing of this case.  The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case.  In each succeeding month when the amount in Hurd's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Hurd's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent of SCI-Phoenix.

4. The Complaint is **DEEMED** filed.

5. Hurd's claims brought pursuant to 42 U.S.C. § 1983 are **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** as follows:

   a. All § 1983 claims against Defendant Pennsylvania Department of Corrections are **DISMISSED WITH PREJUDICE.**

   b. All other § 1983 claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum.

6. The Clerk of Court is directed to **SEND** Hurd a blank copy of the Court's standard form complaint for prisoners to use to file an amended complaint bearing the above civil action number.[1]

7. Hurd is given thirty (30) days to file an amended complaint in the event he can allege additional facts to state a plausible claim pursuant to § 1983. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Hurd's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 21-1729. If Hurd files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Hurd's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims. **Claims that are not included in the amended complaint**

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

**will not be considered part of this case.**  When drafting his amended complaint, Hurd should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8.  If Hurd does not file an amended complaint, the Court will direct service of his initial Complaint on the Pennsylvania Department of Corrections only so that he may proceed on his claim brought pursuant to Title II of the Americans with Disabilities Act as described in the Court's Memorandum.  Hurd may also notify the Court that he seeks to proceed on this claim rather than file an amended complaint.  If he files such a notice, Hurd is reminded to include the case number for this case, 21-1729.

9.  The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

                                    **BY THE COURT:**

                                    */s/* **C. Darnell Jones, II**
                                    **C. Darnell Jones, II   J.**